IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:17CR034 |
| | § | |
| ROBERT JAMES THOMPSON | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 24, 2017. Defendant Robert Thompson entered a plea of true to allegations 5, 6, and 7 and the Court determined that Defendant had violated his supervised release. The court re-convened on June 28, 2017, to determine punishment. Defendant was represented by Frank Henderson. The Government was represented by Ernest Gonzalez.

Robert Thompson was sentenced on August 26, 2011 before the Honorable Robert F. Blackburn of the District of Colorado after pleading guilty to the offense of knowingly and intentionally distributing and possessing with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, a schedule II controlled substance, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment rage, based on a total offense level of 27 and a criminal history category of III, was 87 to 108 months. However, since the minimum term of imprisonment for this offense was 10 years, the guideline range becomes 120 months. Upon a motion by the Government for substantial assistance pursuant to 5K1.1, Robert Thompson was subsequently sentenced to 43 months imprisonment followed by a 5-year term of supervised release, subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment,

REPORT AND RECOMMENDATION – Page 1

alcohol abstinence during treatment, and a $100 special assessment. On December 18, 2013, Robert Thompson completed his period of imprisonment and began service of the supervision term. On March 7, 2017, jurisdiction of this case was transferred to the Eastern District of Texas, and the case was assigned to the Honorable Judge Marcia A. Crone, United States District Judge.

On March 27, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2 Sealed]. The Petition asserted that Defendant violated nine (9) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from any unlawful use of a controlled substance; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; (5) Defendant shall not commit another federal, state, or local crime; (6) Defendant shall not unlawfully possess a controlled substance; (7) Defendant shall refrain from any unlawful use of a controlled substance; (8) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (9) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

The Petition alleges that Defendant committed the following acts (1), (2), (3), and (4) On December 3, 2016, Defendant was arrested by the Dallas Police Department for Public Intoxication and Possession of a Controlled Substance (K2). The offense report reveals the arresting officers observed the Defendant exhibiting signs of intoxication and notice the aroma of burnt synthetic marijuana emanating from the Defendant. Additionally the Defendant's movements were

reportedly slow and lethargic, his speech was slurred, and he was discovered standing outside without shelter in cold, rainy conditions and in an area known for criminal activity, along with "K2" use and sales. Upon a search of the Defendant's backpack, officers discovered a bag containing a small amount of synthetic marijuana, and the Defendant was subsequently booked in the Dallas County Jail. On December 6, 2016, the Defendant was released from custody as he was granted time served on the charge of Public Intoxication, Case No. J16-050885-01. The Possession of Controlled Substance charge, Case No. MB16-064027 at the time of the petition in this case had not been filed; (5), (6), (7), and (8) on February 1, 2017, Defendant was arrested by the El Centro College Police Department in Dallas, Texas after he was observed smoking synthetic marijuana (K2). According to the offense report, the officers asked the Defendant to stop smoking and put down the "blunt" at which time he placed the K2 in his mouth and swallowed. The offense reports reveals the Defendant became combative with the officers while they attempted to place him under arrest and continued to resist to the point the officers had to employ their taser. The offense report indicates the Defendant removed the taser barbs and continued to fight the officers, striking on the officers in the face during the altercation. After an extended struggle, the officers managed to place the Defendant in handcuffs and take him into custody. As a result of this incident, the Defendant was charged with the offenses of Assault on a Public Servant (2 counts), Case No. F17-22200 and F17-22221; Tampering with Evidence, Case No. F17-22222; Resisting arrest, Case No. MA17-22220; and Possession of a Controlled Substance, Case No. MB17-70250. He was placed in the Dallas County Sheriff's Office in lieu of bonds totaling $301,500.00; and (9) Defendant failed to submit a written report for the month of December 2016.

      Prior to the Government putting on its case, Defendant entered a plea of true to allegations five (5), six (6) and seven (7) of the Petition. Having considered the Petition and the plea of true

to allegations five (5), six (6) and seven (7), the Court finds that Defendant did violate his conditions of supervised release by committing another federal, state or local crime, unlawfully possessing and use of a controlled substance. Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fourteen (14) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Medical Facility in Fort Worth, Texas, if appropriate.

**SIGNED this 30th day of June, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE